ROBERT A. JULIAN (S.B. NO. 88469)
MARK A. OLSON (S.B. NO. 148613)
MICHAEL A. SWEET (S.B. NO. 184345)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: rjulian@winston.com
molson@winston.com
msweet@winston.com

DENNIS E. FRENCH (*PRO HAC VICE*)
MICHAEL W. KERNS (*PRO HAC VICE*)
DOMBROFF & GILMORE, P.C.
10 South LaSalle Street, Suite 1120
Chicago, IL 60603
Telephone: (312) 781-0200
Facsimile: (312) 781-0800

Attorneys for Defendant
North American Van Lines, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KAREN ROBERTSON, as Trustee of the Trust of Lloydine Ann Reese, and TERRA SAKS-YOUNG, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTH AMERICAN VAN LINES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:03-CV-02397<br><br>**RESPONSE OF DEFENDANT NORTH AMERICAN VAN LINES, INC., TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF TERRA SAKS-YOUNG**<br><br>Hearing: May 27, 2005<br>Time: 10:00 a.m.<br>Judge: The Honorable Samuel Conti |

1

RESPONSE OF DEFENDANT NORTH AMERICAN VAN LINES, INC.,
TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF TERRA SAKS-YOUNG
CASE NO. 3:03-CV-02397

SF:105937.2

Terra Saks-Young should not be permitted to proceed *in pro per*, if her past history of litigation over the issues in this case is any guide. Further, the pending appeal in the Ninth Circuit Court of Appeals appears to have divested the Court of jurisdiction over this matter.

Saks-Young has already litigated the same transactions up and down the state courts of Massachusetts. *See e.g., Terra Saks-Young v. Rainbow Movers, Inc.*, 60 Mass. App. Ct. 1112, 802 N.E. 2d 129, 2004 WL 98567 at *1 (Jan 21, 2004), *petition denied*, 441 Mass. 1106, 806 N.E. 2d (Mar. 31, 2004), copies of which are attached hereto as Exhibits A and B. North American requests the Court take judicial notice of those decisions. Fed. R. Evid. 201.

In Massachusetts, the trial court granted summary judgment in favor of North American. Over the following year, Saks-Young filed a motion for reconsideration, a motion to vacate judgment, a motion for relief from judgment and a motion to void the judgment. Each was denied. Declaration of David Matchen ¶¶ 4-8, 11, 14, 15 (filed and served herewith).[1]

Saks-Young filed five appeals from the denials of her various motions, and all were denied in turn. She petitioned the Massachusetts Supreme Court, which promptly denied her petition. *Id.* ¶¶ 9, 10, 12, 13, 17, 19-22. That, however, did not end her litigation.

Saks-Young generated satellite litigation in several courts and administrative bodies: (1) a motion in the trial court to recuse the Massachusetts Superior Court judge (denied); (2) a motion in the trial court to remove North American's counsel (denied); (3) a personal bankruptcy petition (dismissed); (4) a consumer complaint with the Massachusetts Attorney General (dismissed); and (5) a complaint against North American's counsel to the Massachusetts Board of Bar Overseers for professional misconduct (dismissed in less than two weeks). *Id.* ¶¶ 16, 18, 23, 24.

Undeterred, Saks-Young caused criminal complaints to be filed against North American's moving agent, and apparently convinced her son and his girlfriend to do the same, which

---

[1] As stated in the Matchen Declaration, the public records supporting the facts stated therein are voluminous and have not been attached to the declaration. If the Court requests, or if Petitioning Counsel (as defined below) wishes to contest the factual record or requests them for any other reason, North American is ready and willing to file the numerous documents with the Court.

1

RESPONSE OF DEFENDANT NORTH AMERICAN VAN LINES, INC.,
TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF TERRA SAKS-YOUNG
CASE NO. 3:03-CV-02397

SF:105937.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

they did about the same time. All the complaints were dismissed, as was Saks-Young's appeal from that order of dismissal. She also brought United States Representative Barney Frank (D-Mass.) into the fray, again to no avail. *Id.* ¶¶ 25, 26.

After the first named plaintiff in this action passed away, Saks-Young was brought into this action as a named plaintiff, suing on the same transactions that she has previously litigated and resoundingly lost. *Id.* ¶¶ 27-31; *see Saks-Young*, 2004 WL 98567 at *1.

Saks-Young has tied up the resources of six different trial and appellate courts in Massachusetts and California, the Attorney General of Massachusetts, Representative Frank, and the Massachusetts Board of Bar Overseers.

While the history of the Massachusetts litigation clearly presents issues for further motion practice in this Court, North American and counsel for Robertson and Saks-Young have been until recently steadily working on an amicable resolution of all issues on appeal and in this Court.

As an alternate basis for this response, the appeal from the Court's denial of the certification motion appears to have divested this Court of jurisdiction over this matter as it relates to the appeal. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (notice of interlocutory appeal divests court of jurisdiction over issues on appeal).

North American respectfully submits that under these circumstances, Terra Saks-Young should not be permitted to proceed *in pro per* and requests that the Court deny the Motion of Marvin A. Miller and Anthony F. Fata, of Miller Faucher and Cafferty, LLP, Mark A. Chavez and Kathryn C. Palamountain, of Chavez & Gertler, LLP, and Asher Rubin, Esq. ("Petitioning Counsel") to Withdraw as Counsel for Plaintiff Terra Saks-Young.

Dated: April 29, 2005

WINSTON & STRAWN LLP

By: /s/ *Mark A. Olson*
Mark A. Olson
Attorneys for Defendant
NORTH AMERICAN VAN LINES, INC.

# EXHIBIT A



802 N.E.2d 129 (Table) Page 1
60 Mass.App.Ct. 1112, 802 N.E.2d 129 (Table), 2004 WL 98567 (Mass.App.Ct.)
**Unpublished Disposition**
(Cite as: 60 Mass.App.Ct. 1112, 802 N.E.2d 129, 2004 WL 98567 (Mass.App.Ct.))

**H**

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.
Terra Saks **YOUNG**,
v.
RAINBOW MOVERS, INC., & another. [FN1]

FN1. North **American** Van Lines, Inc.

**No. 02-P-419.**

Jan. 21, 2004.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

***1 Although the plaintiff does not clearly identify the decisions that she appeals from, it appears that there are two such decisions. [FN2] The first is the November 19, 2001, allowance of the defendants' motion to strike or dismiss the plaintiff's notice of appeal. The second is the December 4, 2001, denial of her motion for relief from judgment. After reviewing the parties' briefs and the record provided, we affirm.

> FN2. If the plaintiff intended to appeal any other decision, it is deemed waived for failure to comply with Mass.R.A.P. 16, as amended, 428 Mass. 1603 (1999).

*Background.* After the plaintiff refused to accept delivery of her belongings and to pay for their transportation from California to Massachusetts, the defendant movers placed them in storage. After being notified that her belongings would be sold at an auction, the plaintiff began this action in Superior Court in March of 2000. On July 19, 2001, after a hearing at which the plaintiff did not appear, a Superior Court judge determined that on the record before him, there were no genuine issues of material fact in dispute and the defendants were entitled to judgment as a matter of law. Accordingly, on July 26, 2001, judgment entered, dismissing the plaintiff's complaint and awarding the defendants damages on their counterclaim.

On August 23, 2001, the plaintiff, claiming lack of notice of the July, 2001, hearing date, filed a motion to vacate the judgment. This motion was denied on August 31, 2001, by the same judge, who noted: "There is no indication in the file that plaintiff ever notified the court of an address change until this motion." On October 15, 2001, the judge also denied the plaintiff's motion for reconsideration. On October 29, 2001, the plaintiff filed a notice of appeal. On November 19, 2001, the defendants' motion to strike the notice of appeal was allowed. On November 27, 2001, the plaintiff filed a motion for relief from judgment. Such motion was denied on December 4, 2001. The plaintiff appealed the denial on December 19, 2001.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

802 N.E.2d 129 (Table) Page 2
60 Mass.App.Ct. 1112, 802 N.E.2d 129 (Table), 2004 WL 98567 (Mass.App.Ct.)
**Unpublished Disposition**
**(Cite as: 60 Mass.App.Ct. 1112, 802 N.E.2d 129, 2004 WL 98567 (Mass.App.Ct.))**

1. *Whether the plaintiff's October 29, 2001, notice of appeal was correctly stricken.* The plaintiff did not appeal from the July 26, 2001, judgment but, instead, in her October 29, 2001, notice of appeal, she purported to appeal from both the August 31, 2001, denial of her motion to vacate and the October 15, 2001, denial of her motion for reconsideration.

The purported appeal from the denial of the motion to vacate was plainly not timely because it was filed nearly two months after a motion was denied. See Mass.R.A.P. 4, as amended, 430 Mass. 1603 (1999). In like manner, the plaintiff's appeal from the October 15, 2001, denial of her motion for reconsideration was also properly stricken. Where, as here, the appeal from the denial of a motion to vacate is not timely, a motion for reconsideration of that denial cannot resuscitate the issues previously raised. See Manousos v. Sarkis, 382 Mass. 317, 322 (1981) ("When the time in which an appeal may be taken from the original order has expired, as it has here, an appeal may not be had in the absence of changed circumstances"). We discern no showing by the plaintiff of changed circumstances or new issues, and moreover, the plaintiff's motion for reconsideration does not appear to have been made part of the record on appeal.

\*\*\*2 2. *Whether the November 27, 2001, motion for relief from judgment was correctly denied.* In his December 4, 2001, denial of the plaintiff's motion for relief from judgment, the judge wrote, "It appears that the plaintiff has been given every consideration and latitude in her failure to file various pleadings pursuant to rule 9a. Several Judges have tried to resolve this case. The moment for finality has arrived. Motion DENIED." The plaintiff timely appealed from the denial of this motion.

To the extent that the plaintiff claimed as grounds for her November 27, 2001, motion for relief from judgment that she did not receive notice of the July, 2001 summary judgment hearing, she did no more than raise the same issue she had unsuccessfully raised in her August 23, 2001, motion seeking to vacate the judgment on this basis. (At the time, the judge denied the motion to vacate because "[t]here is no indication in the file that the plaintiff ever notified the court of an address change until this motion.") When a motion is denied, a party cannot simply file a new motion on the same grounds. To the extent that the plaintiff claims in her motion for relief from judgment that she also had not received certain subsequent filings and notices, such as the defendants' opposition to her motion for reconsideration, we fail to see how this would have any bearing on the validity of the earlier judgment. Moreover, as to the plaintiff's claims that defense counsel and the clerk's office failed to send notices and pleadings to her, the judge simply did not credit the plaintiff. Given all this, we conclude that the judge did not abuse his discretion in denying the plaintiff's motion for relief from judgment. See Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). See also Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 430-431 (1979); Tai v. Boston, 45 Mass.App.Ct. 220, 224 (1998).

The November 19, 2001, order allowing defendants' motion to strike the plaintiff's October 29, 2001, notice of appeal is affirmed. The December 4, 2001, order, as amended on December 26, 2001, denying plaintiff's November 27, 2001, motion for relief from judgment is affirmed.
   *So ordered.*

60 Mass.App.Ct. 1112, 802 N.E.2d 129 (Table), 2004 WL 98567 (Mass.App.Ct.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

802 N.E.2d 129 (Table)                                                                                  Page 3
60 Mass.App.Ct. 1112, 802 N.E.2d 129 (Table), 2004 WL 98567 (Mass.App.Ct.)
**Unpublished Disposition**
(Cite as: 60 Mass.App.Ct. 1112, 802 N.E.2d 129, 2004 WL 98567
(Mass.App.Ct.))

Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 2003 WL 23930005  (Appellate Brief) Brief for Appellees (Jan. 30, 2003) Original Image of this Document with Appendix (PDF)

• 2002 WL 32757823  (Appellate Brief) Brief for the Plaintiff- Appellant (Jul. 25, 2002) Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B



806 N.E.2d 103 (Table) Page 1
441 Mass. 1106, 806 N.E.2d 103 (Table)
**(Cite as: 441 Mass. 1106, 806 N.E.2d 103)**

**H**
(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.
Terra **Saks Young**
v.
Rainbow Movers, Inc.

March 31, 2004

Appeal From:  60 Mass.App.Ct. 1112, 802 N.E.2d 129.

DENIED.

441 Mass. 1106, 806 N.E.2d 103 (Table)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.