Mark A. Olson (Bar No. 148613)
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
P.O. Box 8035
Walnut Creek, CA  94596
Telephone:     (925) 930-6600
Facsimile:      (925) 930-6620

Attorneys for Defendant
NORTH AMERICAN VAN LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN ROBERTSON, as Trustee of the Trust of Lloydine Anne Reese, and TERRA SAKS-YOUNG, on behalf of themselves, all others similarly situated, and the general public,<br><br>     Plaintiffs,<br><br>  v.<br><br>NORTH AMERICAN VAN LINES, INC., a Delaware corporation,<br><br>     Defendant. | No. 3:03-cv-2397 SC<br><br>[PROPOSED] **ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

1   On April 28, 2005, at 10:00 a.m. this Court held a status conference in the above
2   captioned case. Mark A. Olson, Esq., of the law firm of Archer Norris, appeared for defendant
3   North American Van Lines, Inc. ("North American"). Plaintiff Terra Saks-Young ("Saks-
4   Young"), the sole remaining plaintiff in this action, did not appear. No counsel appeared on her
5   behalf.

6   This Court has the inherent authority to dismiss an action for lack of prosecution *sua*
7   *sponte*, without notice, and without a hearing. *Link v. Wabash RR Co.*, 370 U.S. 626 (1962).

8   THE COURT HEREBY FINDS that

9   A.   This action was commenced on May 21, 2003. (Dkt No. 1.)

10  B.   By amended complaint, Saks-Young was added as second named plaintiff, and
11  Karen Robertson, as Trustee of the Trust of Lloydine Anne Reese, substituted for Reese, the
12  original named plaintiff. (Dkt No. 27.)

13  C.   On January 22, 2004, this Court granted North American's motion to dismiss all
14  state claims on the grounds they are preempted by federal law. (Dkt No. 44.)

15  D.   On April 19, 2004, this Court denied Robertson's motion to certify a class and to
16  name her as representative plaintiff. (Dkt No. 59.)

17  E.   Terra Saks-Young had not joined that motion.

18  F.   On July 21, 2004, the Ninth Circuit granted Karen Robertson's petition for
19  permission to appeal this Court's order denying her certification motion. (Dkt No. 59, 61.)

20  G.   Terra Saks-Young had not joined that petition.

21  H.   On March 30, 2005, Saks-Young's counsel moved to withdraw as her counsel.
22  (Dkt. No. 63.) The motion was served on Saks-Young. (Dkt Nos. 63, 64, 65, 66.)

23  I.   Saks-Young did not file any response to her counsel's motion. *See* Dkt.

24  J.   At the May 20, 2005 hearing on that motion, withdrawing counsel appeared, as did
25  counsel for North American. Transcript of Proceedings, May 20, 2005, at 1 (Dkt No. 91).

26  K.   Saks-Young did not appear at the hearing on her counsel's motion to withdraw. *Id.*
27  Instead, on the day of the hearing she filed a motion to continue the hearing. (Dkt. No. 73.)

28  L.   At the hearing, withdrawing counsel represented, in further support of their motion

to withdraw: "We've sent her numerous notces and letters, and ... this woman is totally irrational, impossible to deal with." *Id.* at 2:21-23 "It's just impossible." *Id.* at 3:20. "Our Chicago counsel ... [has] been talking to her and corrsponding with her ... on a regular basis trying to work with her. It's just been a nightmare. It was a big mistake to take her on as a client. We were misled." *Id.* at 3:23-25.

M. On May 26, 2005, this Court entered an order granting the motion of Saks-Young's counsel to withdraw as her counsel. (Dkt No. 75.)

N. On June 7, 2005, Saks-Young filed a notice of appeal from this Court's order granting her counsel's motion to withdraw. (Dkt No. 77.)

O. But Saks-Young's appeal was dismissed on April 18, 2006, because, in the ten months following her appeal, she had failed to pay the docketing/filing fees. (Dkt No. 84.)

P. On August 29, 2005, the Ninth Circuit granted Robertson's and North American's stipulation to dismiss the appeal. (Dkt. No. 79.)

Q. On October 19, 2005, this Court granted Robertson's and North American's stipulation to dismiss Robertson's claims against North American with prejudice. (Dkt No. 82.)

R. Saks-Young is the sole remaining plaintiff.

S. The Court scheduled this status conference at a time when Saks-Young indicated she would be in the Bay Area and available.

T. By its April 7, 2006, Notice of Status Conference, this Court ordered Saks-Young to attend the April 28, 2006, status conference in person. (Dkt. No. 83.)

U. Saks-Young failed to attend the status conference, in violation of this Court's order.

V. At the status conference, counsel for North American informed the Court that the previous afternoon he had received a call from Saks-Young's relative indicating that Saks-Young had left a message with the Court requesting a continuance.

W. Saks-Young has not done anything to prosecute her claims in the three years this action has been pending. Saks-Young's actions have been to file untimely requests for continuances or to take appeals that were dismissed because she failed to pay docketing/filing

1  fees.

2      X.    Saks-Young, by letter dated April 4, 2004, notified counsel for North American:

- That the transported goods that are the subject of her claims are owned, not by her (as she had stated in her complaint), but by her deceased husband;
- That she is the executrix of his probate estate; and
- That the California probate court has had jurisdiction over the goods since 1999 – four years before she joined this action as a plaintiff.

    Y.    Saks-Young's conduct with respect to this action demonstrates a persistent failure to prosecute her claims.

ACCORDINGLY, IT IS HEREBY ORDERED that

1. This action is DISMISSED.

Dated: May 5, 2006



_____
United States District Judge.

# PROOF OF SERVICE

I, Stacie V. Brink, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 2033 North Main Street, Suite 800, Walnut Creek, CA 94596. On May 1, 2006, I caused the following document(s) to be served:

**[PROPOSED] ORDER DISMISSING ACTION FOR LACK OF PROSECUTION**

[X] by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

[ ] by having a true copy of the document(s) listed above transmitted by facsimile to the person(s) at the facsimile number(s) set forth below before 5:00 p.m. The transmission was reported as complete without error by a report issued by the transmitting facsimile machine. A true and correct copy of the transmission report is attached hereto.

[ ] by having personally delivered a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below.

Terra Saks-Young
P.O. Box 67304
Chestnut Hill, MA  02467

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2006, at Walnut Creek, California.

*/s/ Stacie V. Brink*
Stacie V. Brink